All right, the next case we'll hear is Bolden v. Baltimore Gas and Electric. Mr. Nobami, I think we'll hear from you. Yes, your honors. Good morning, your honors. Eric Obani on behalf of Mr. Bolden. You know, this case stands on three fundamental and reversal errors the district court committed in resolving the threshold question whether Mr. Bolden exhausted his mandatory administrative remedy before filing the suit against Defender Baltimore Gas and Electric. You know, Rule 56 of the Federal Rules of Civil Procedure imposes three main obligations. First, the court must recognize that conflicting evidence creates trial questions. Not judicial decisions. Second, credibility determinations through paper records are prohibited. So any ambiguities in the record must be resolved in favor of the plaintiff. You know, Statute 7 requires that... You agree that the issue here is whether Mr. Bolden was a joint employee of CAEI and Baltimore Gas and Electric, right? Yes, yes, your honors. That's what we mean. Now, I think during discovery and request for admissions, you admitted that he was an employee of only CAEI. And I'm wondering, how should we take that admission in this litigation? You know, the record, that deposition record, it was kind of... At some point, Mr. Bolden admitted that even though those are separate entities, but he... Because of the way they managed the businesses. No, my question is, we have a formal admission made under the Rules of Procedure. Request for admission and the response is that he's an employee of CAEI. And my question is, how do we take that? You know, the witness, Mr. Bolden, also stated that even though CAEI and BGE are separate entities, he worked with both of them. And so that CAEI is a separate entity from BGE does not really matter because of the way they carried out impressions and the way they related to Mr. Bolden. But I didn't think your case was that they were joint, that he was a joint employee. I thought you were saying it's true he didn't name both entities in his charge to the Maryland Commission, but that's okay under this exception to the naming requirement. Is that not your position? So our position, Your Honor, isn't... And that's a legitimate question. The position is not that he did not even name. Looking at Joint Appendix... Joint Appendix 185, Your Honor. Joint Appendix 185 references defendant Baltimore Gas and Electric. Yeah, but not in the name or... That reference there. The name appears on some of his charge documents, but it is never identified as the person or the entity from whom your client wants relief. Yes, Your Honor. The language there says that he had only acted professionally in my time at CAEI and BGE. And this was a document that was prepared by Mr. Bolden and the intake officer. So those are not people trained, those are not lawyers, they're not trained in formal pleadings. And this court has also held in Alvarado and Board of Trustees that they cannot be held to technical exactness. So they cannot... Shouldn't be the formal ways of things are drafted because they're not trained. I understand your point. Is this... The district court understood that there was no dispute that your client did not name BGE. Did you dispute this before the district court? Because I didn't see that. Yes, Your Honor. The district court referred to that dispute and this was joint appendix 377, where the district court referenced the intake form, which was in dispute at the time. Even though the district court ruled every part of that ruling was based on the exception as the naming requirement exception, but not based on whether they were even named in the first place. So I think that the case we're talking about really turns on this exception to the general rule that a plaintiff is required to exhaust administrative remedies and file either with the EEOC or with the state equivalent prior to filing a Title VII case, which you're bringing. And there's this exception to that rule that some have called the substantial identity exception, and that the district court applied these four questions. And so I think your client needs to prove that they meet the test with regard to this exception if BGE wasn't named in the filing before the Maryland agency. And so if we look at those four questions, that whether the role of BGE could have been ascertained, were the interests of the two entities similar, was BGE prejudiced, could BGE represent to your client, these four questions, I guess I'd like to hear from you whether or not you think your client actually, whether this test is met in this case. Yeah, those tests are met. But to back up a little bit, that was my point. The point is even that those exceptions, the district court shouldn't have even reached those exceptions. One, because the intake form referenced BGE. That's naming requirements, satisfying naming. Also, the notice and participation is also satisfied because if you look at the MCCR report, which is Joint Appendix 166, it references a number of officers from BGE who appeared and who testified and who were interviewed by the board. So if they were interviewed, if they gave statement to the board, they're not satisfying the naming requirement. We shouldn't even get to the exception. So you're suggesting there should be another exception? I mean, essentially what you're arguing is there should be another exception to the naming requirement in this unusual circumstance where an individual appears to testify in the case? So you're not to clarify that further. If an individual, the party, appears and testifies and gives evidence, sorry, gives testimony, gives a statement to the administrative body, then those exceptions shouldn't apply because that satisfies the naming requirement of Title VII. Is there a case that stands for that proposition that you're aware of? You know, I believe we cited some of them in our opening brief. And also to get to the, we cited some of those in our opening brief. Maybe I can find one before doing the report. But also the MCCR report, which references a number of the officers who attended and gave testimony. If the court also looks at the district court's earlier ruling in a motion to dismiss, it wasn't filed by this present defendant, but a defendant who was formerly in the case, the court will see that the district court relied on the MCCR report in dismissing that motion. It was dismissed because the court also said that the plaintiff exhausted his administrative remedies because those officers attended and testified and gave statements to the board. No, the court didn't say the officers attended. The court said the complaint alleged that the officers, that some BGE employee was part of the administrative process. But that's not the same. The court is just crediting the allegation at the motion to dismiss stage. But then on summary judgment, the court says, now we have the depositions and there's just no evidence of that. It didn't happen. So how do we deal with that? So, you know, to read out a section from that, it says the court found that the defendant actually was aware of, and in fact, was interviewed during the administrative process. This is- Is that on the motion to dismiss? Yes. The court doesn't find facts on the motion to dismiss. In other words, whatever the court- I don't know who used the word find, whether that's your word or the court, but the court is reiterating what you alleged in the complaint and assessing whether that states a cause of action. In the motion for summary judgment, the court examines the record and assesses what was demonstrated by the parties. I agree. I agree, Your Honor. So the court could not be finding facts in the motion to dismiss. But, Your Honor, on summary judgment, the court should review the entire record and then draw favorable inference in favor of the plaintiff. So every document in the record should be reviewed by the court during summary judgment. The MCCR report was there, which referenced that these officers attended, were interviewed, gave statements. But there was no evidence of that in the record. And the officer, when deposed, said, I absolutely was not there. So- Your Honor, that evidence was an affidavit, an after-acquired affidavit. Your Honor, MCCR report was dated September 23, 2020. The affidavit that challenged those statements in the MCCR report was dated January 27, 2023. It was an after-acquired affidavit. They got that affidavit after. And then the court relied on that affidavit, agreed with the statements in that affidavit, which the court shouldn't have done. And so, Your Honor, as to the substantial identity theft exception, which, of course, I know that Amiko's party will address that more. But, Your Honor, the court relied on disputed evidence on all the factors. Factor one, if the court looks at as to whether the plaintiff could ascertain the role of BGE at a time he filed his complaint. Your Honor, Joint Appendix 231 lines 1 to 4 shows that plaintiff may have been confused about whether BGE and CAEI were separate entities. Joint Appendix 387, the district court agreed that relationship between these two entities were complicated. So, if that relationship was complicated to the court, how much more late plaintiff? Joint Appendix 304, 1 to 22, plaintiff was also interviewed by several people from BGE. So, both entities interviewed him for the job. Joint Appendix 50, which is also Joint Appendix 174, shows the joint roles of both defendants in terminating his appointment. So, they discussed determination before he would let go. Joint Appendix 32, Joint Appendix 372, all show that some BGE employees supervised plaintiff's work. If plaintiff was running late, he would call some people, which included BGE employees. Joint Appendix 312, Joint Appendix 185, plaintiff listed both of them in the complaint in this intake form. As to FACA 2, Your Honor, Joint Appendix 285... I think your time is up right now, but you can bring that back up. You have some rebuttal on Okay. Thank you, Your Honor. In this case, you can bring it up at that point. Ms. Sharon? Good morning, Your Honors. Chelsea Sharon for the EEOC as amicus. We are here today to ask this court to recognize the identity of interest exception to Title VII's naming requirement and to make three key clarifications into how the relevant factors are applied. Turning first to the existence of the exception, we note that this court has cited Bluss with approval in dicta, but has never formally recognized the exception. Can I ask you, you described this as a judicially created exception to Title VII's statutory naming requirement, and I think that is a fair description. And my concern is that I kind of feel like I'm hearing from the Supreme Court, judges are not supposed to run around making exceptions to statutory requirements. So where does the authority to make an exception to a statutory requirement come from? I understand, Your Honor. We agree that there's no specific place where the text refers to this exception, but this court has long recognized that equitable exceptions to Title VII's administrative prerequisites can be made, for example, in Chaco in looking to equitable exceptions from Title VII's timeliness requirement, and the Supreme Court, of course, took that same approach in Zipes. So it is appropriate, there is a long history of courts creating equitable exceptions in order to advance the remedial purposes of the statute. Okay. I mean, that's just a general principle that we should just apply whenever it's convenient? I'm not advocating- In this case, we're in the context of the facts of this case, and I must say that when you look at it from the beginning, even beginning with the complaint here, the witnesses listed in the complaint were all witnesses that worked for CAEI, and the incidents, the only incident that was attributable to BG&E in any other type of control was when they were in the call center, where you have a bunch of these contractors doing the call services. Ms. Webster told him to log out of his computer or something, he left it on or some security measure, and that was it. And she basically had charge of the whole at BGA's call center, downtown Baltimore. And there were other contractors in that hall doing the same work. And she happened to walk by his computer and said that. Now, that's the extent of BG&E's involvement, at least as argued by Mr. Baldwin. And I don't understand why all that prompts the government to come in and say we should create some kind of exception to say that should have been allowed to now file some kind of administrative complaint against BG&E. Well, your honor, I want to be clear that we don't take a position on the facts of this case and whether the exception is valid. But you're using this as a vehicle of some kind and it's to have us create some precedent in the abstract. Well, we do believe your honor that it would be important to take this opportunity to reaffirm the well-established precedent of the district courts in this circuit that have been relying on this exception for decades and have crafted a substantial body of case law and to join the majority of sister circuits who have also recognized the existence of the identity of interest exception. And couldn't a lot of this, I mean, I totally understand the impetus for all of this, but couldn't some of this be handled the way we sort of normally handle these things by saying, look, given the equitable interests here, we would construe the naming requirement very functionally and we would read generously a charge to see if it met that functional definition of a naming requirement. And all of that we can do consistent with the terms of the statute. But I just have like some apprehension about saying, but even no matter how generously construed, if you can't meet the naming requirement, that's all right because we as the judiciary are going to create or continue creating an exception to the stuff that Congress said you had to do. And I do think your honor that there is case law to support the first approach that you mentioned that we refer to in the brief, for example, what we did in Alvarado and for example, the approach in, in cases like Kaplan and Shahada to say that the fundamental purpose of the charge is just to fairly apprise the EEOC of the discriminational wedge and the entities involved, even if not precisely named with procedural formality. And so what we do when we read pro se complaints, we say, we'll read it generously to see if it can survive a motion to dismiss. We don't say having read it generously, it can't. So we'll make an exception to 12B6. And I, and I understand that your honor. I do think that the, that approach is, is an approach that we advocate could be taken in, in cases in order to, to have some flexibility with respect to the naming requirement, recognizing that it is lay people who often initiate the charge filing process. I see that my time has expired. I'm sorry. Thank you very much. All right. I guess we'll hear now from Ms. White. Good morning, your honors. My name is Lindsay White on behalf of Baltimore Gas and Electric. And I would like to discuss the substantial identity factors after I respond to several of the points that my colleagues here today have raised. As an initial matter, you're exactly right. Judge Harris, this is a judicial exception that has never been formally recognized by the fourth circuit. And we would submit is not appropriate to adopt here. Did you say that in your brief? I thought in your brief, you took like no position on it and just said, we'll assume it. We assumed that it applied for purposes of both the lower court and here, because that was the only way that the district court found that BGE may be properly named. It's just a weird posture of this case, because we don't have anybody saying this exception shouldn't apply. Well, I'm sorry, not shouldn't, but that this exception is not valid. We ought not endorse the exception. Nobody has told us that or taken that position in this case. Well, I would agree with your honor, that the naming exception would serve to fill in for this purpose. And the purpose of Title VII is to provide fair notice to respondents. And contrary to what opposing counsel has said, there has been, it is not disputed that BGE was not named. In fact, there's a request for admission where Mr. Bolden clearly admits that Joint Appendix 153, that BGE was never named in the lower proceedings before the administrative body, the MCCR. Title VII does have a broad remedial purpose, but Title VII also requires notice to the respondent. And there are several reasons for that. And that is embodied within Title VII itself. It's clearly recognized within the case law. This serves a dual purpose to notify the charged party of the violations and to bring them before the agency to secure voluntary compliance with the law. BGE is a co-defendant with CAEI in this litigation. CAEI is bankrupt, so it has been solely BGE defending this case. The charge was filed back in 2016. BGE had no notice and contrary to what's been argued, did not participate in the administrative proceedings. There were several references to the record, and I'd like to distill those briefly for the court. So as an initial matter, it's true at the motion to dismiss stage that our position was denied and it went to discovery. Importantly, the district court found that for purposes of this motion only, it was going to make certain factual assumptions as of course courts do at the motion to dismiss stage. So the court allowed the parties, really Mr. Bolden to proceed to discovery to be able to show that the two, that he should be able to proceed against BGE. So what the court said in the motion to dismiss ruling is of no import. In addition, what the MCCR concluded is also of no import in terms of being able to credit that certain people were interviewed. There is a stray comment here that says, according to Ms. Webster, who was a BGE employee, the complainant left his computer logon. The paragraph before summarizes Mr. Bolden's complaint, which relates to Ms. Webster saying he left his computer logon on. So Ms. Webster or Ms. Duncan, as her previous name was, also submitted a declaration that she was never interviewed during the administrative process. It's also been argued that Ms. Watts was an employee of both entities. There's no support for that in the record aside from some passing reference in the MCCR's finding that's not supported in any kind of basis. So BGE did not participate in the lower, in the MCCR proceedings whatsoever. But even if BGE did participate in the lower proceedings, that is not the same as notice as required by Title VII. Notice under Title VII is not notice that you might be a third party witness to a charge against your contractor. Notice under Title VII is notice that you as the respondent are potentially on the hook for these violations. And it is clear that that did not happen here. In addition, there was a reference to the intake questionnaire, which is Joint Appendix 185, which was prepared by Mr. Bolden. It's true he did mention the word BGE on it, but he did not indicate any interest in holding BGE responsible for his alleged employment discrimination allegations like he did for CAEI. And more importantly, the intake questionnaire is not served upon a respondent. It is an internal agency document that is used to generate the charge of discrimination, which was then prepared solely against CAEI and delivered to CAEI. There's also reference to the individuals that participated at the fact-finding. Can I just ask you, because I'm actually not that familiar with how all of this works, what would happen in your construct, and given the importance of notice, if this charge had very clearly said BGE and the other employer, labeled them both as defendants, but by mistake, the commission only served it on one of the employers? So perhaps your client doesn't have notice, but they're named as he complied with the naming requirement. What would you say then? Well, Your Honor, I would say that notice means notice. It means notice to the respondent that they're on the hook. So he can't go forward with his lawsuit because the commission misserved his complaint? I would say that he would be able to go through with his lawsuit as to the other entity. But he named them. So you're saying he'd be on the hook if the commission misserves the charge that would limit his rights under Title VII, that the commission made a mistake in serving it? Your Honor, the commission's own guidance says that when there's an allegation of joint employer, which there is here, they both have to have their own charge. I understand that, but he named them both. In my hypothetical, he says, here are the two people I'm going to sue, BGE, and then the other four initials. And then by mistake, the commission just doesn't serve it on BGE. You're telling me that cuts back on his rights under Title VII because of the importance of notice? Yes, I do think it would, Your Honor, because he does have to sign and verify a charge under oath. So he would see that there were not two separate charges. How it would work is there are two charges with two charge numbers, and they're both served on the respondent. But does he serve them on the respondent? The EEOC would serve them on the respondent. And so if the EEOC makes a mistake and only serves it on one respondent, you're saying he can't sue the other respondent, even though he complied with the naming requirement. That might be right. I'm just trying to see where you want us to go on this. It would be an issue of whose rights have more weight here. And I do think that courts are clear that... Well, I think the just the technical notice. I think the whole idea of going to the agency is to promote reconciliation. That's right. And of course, if one company has never received notice and can't participate, you have preempted the possibility of reconciliation with that company. And it seemed to me we don't have that here, but I'm just expanding a little bit on Judge Harris's observations about the significance of lack of notice. There are many aspects of significance of lack of notice. There's issuing litigation holds, preserving... Is there a text in Title VII that says a defendant who has not been served can't be sued? I thought it said the plaintiff can sue effectively the named defendants in the charge he filed. And if he's named them, I don't see why he can't sue them unless there's some other provision of Title VII I'm not aware of that says a defendant can, notwithstanding the language of the naming provision, any defendant who has, even if named, who has not been served by the commission may not be sued. Well, the text itself says that Title VII requires a plaintiff to exhaust administrative remedies against the respondent. Right. And that failure to name a party on an EEOC charge... Am I hypothetical? You named it. So where in the text does it say he can't sue them? I would still maintain that he did not exhaust his administrative... Because the EEOC didn't... Okay. Because they haven't been... I feel like you should try to find a softer position than that, but that's okay. Assuming we do reach the GLUS, we adopt the GLUS test as the EEOC is urging, can you address the factors and why you believe they haven't... The plaintiff hasn't met... Well, I guess my first question is, who bears the burden here? The plaintiff bears the burden. And what standard of proof? I believe it is persuasion, Your Honor. I'm not actually sure that that's been... Does the plaintiff have to meet it on all four or is it some yes, some no, maybe some stronger, some weaker? Is that right? It's a balancing? Yes. So the case law puts more impact on the second and third factors, but looks at all four factors. So the way the case is interpreted is not that you must meet all four factors. And so on those second and third that you say are the most important, why shouldn't we find that the plaintiff's met the burden on those factors? Your Honor, the second factor is whether under the circumstances, the interest of a named party are so similar to the unnamed parties that for purposes of obtaining voluntary conciliation and compliance, it would be unnecessary to include them in the EEOC's proceedings. It is clear that the interest of BGE and CAEI are dissimilar. BGE is the largest provider of electricity in the state. CAEI, when it was operational, provided various business services to a variety of entities. Did BGE approve this individual's hiring and participate in the interview process? BGE did not approve his hiring. There's testimony from Mr. Bolden that they were part of the interview process. There's no indication as to details of that aside from that he came from BGE. And Mr. Bolden did not take any depositions in this case. So the interest of the named party being so similar to the unnamed parties, courts look at several considerations here, none of which are present here. So there's a case EEOC versus 1618 concepts where it's essentially a misnaming. There are two restaurants and one has a slightly different name than the other. And you look at interrelated operations, common ownership, common management, common corporate officers, shared location, company vehicles, all of those things. None of those are present here. CAEI was headquartered in Columbia, completely separate from BGE. CAEI performed via a contract services on BGE's property. There's no common ownership, management, no shared officers. And in fact, Mr. Bolden executed a temporary worker agreement that clearly indicates that CAEI was his employer. And there is extensive deposition testimony where he testifies that he knew as of 2016, that BGE and CAEI were separate entities. So it is clear that not only did Mr. Bolden know that they were different, but the interests of the parties are not so similar that it would be unnecessary to include BGE. And in addition, BGE strongly disputes, although this is not an issue on appeal, but down below, we strongly argue that we were not a joint employer. And that's a position we certainly would have taken in the administrative stage as well. But the test wouldn't require you to be a joint employer simply to have, the test does not require you to be a joint employer. Is that right? That's correct. But there's a step, we had a separate argument for dismissal that because we were not a joint employer, which has not been appealed. And what about the third factor? Yes, with respect to... CAEI has been defending this case throughout? Yes. CAEI has not been defending. CAEI filed for bankruptcy, so has not participated. So isn't that what the third factor is? Whether the party participated in the proceedings? The third factor is actually whether the absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed parties. So it looks at the participation at the administrative stage. And BGE did not participate? We did not participate. And I discussed that a little bit ago. We did not participate in, you know, we did not submit a position statement. We did not, none of our people were interviewed. There's no evidence to the contrary, other than I think a misreading of the MCCR's finding. We have a declaration from that BGE employee, Ms. Webster, that clearly says she was not interviewed. BGE did not participate in the fact finding. Mr. Bolden has admitted that. They did not participate in any settlement discussions. The parties reached a settlement that was later revoked. So BGE had no opportunity to participate. And we would submit that it was incredibly prejudicial for many reasons. It's hard to speculate what could have happened. Down below, there could have potentially been a settlement. There could have been evidence that Mr. Bolden reviewed on joint employer that resulted in him not electing to sue BGE. So we would submit that there was tremendous prejudice to that. So as to prejudice, and I think you already answered this question when Judge Berner asked it, but I just want to confirm. As to prejudice, your view would be you don't have to prove that there was prejudice. If there was an administrative proceeding, you did not participate in it because you weren't named. We can kind of presume prejudice and the plaintiff has the burden of showing why it wasn't prejudicial. I do think that's fair. And the cases Mr. Bolden cited to a case, Gamble v. Gamble, that found that there was not prejudice, but there the two entities, the unnamed entity was very closely intertwined with the other entity. So their interests were very closely intertwined. It was a sheriff's office and a county of Anne Arundel County. So I think that is perhaps under that factor where you might be able to find that there was not prejudice. Well, because factors two and three, I mean, we talk about this test like it's a statute or something, but it's not. It's just some stuff written in an opinion. And I'm here to say we don't always pick our words exactly right. And factors two and three look kind of like the flip side of each other to me. Like if it's either are your interests so substantial that one can represent the other or alternatively, were you prejudiced because they're not so interrelated? It's hard for me to imagine a case where you would find, where you would come out differently on those two things. They really seem to be asking mostly the same question. Yes, I agree with that. Just very briefly, since I see I only have a few minutes left, the final factor is whether the unnamed entity is represented, that the communication should be through the named entity, and that there's no evidence of this factor whatsoever. In fact, Mr. Bolden testified that he applied for a job at BGE. He raised complaints to Brian Andrews, who was a manager for BGE. He signed a temporary worker agreement that clearly identified BGE, and he testified he knew the two different entities, who they were as of 2016. So I did. Thank you. If there are no further questions, we would respectfully submit that the lower court's opinion be affirmed. All right. Thank you. Mr. Obani. Yes, Your Honor. So back to the issue of naming, which will reference Joint Appendix 185. Your Honor, Title VII requires only naming. That issue came up here. It doesn't require a service. Plaintiff is not required to take any document and solve on the other side. It just says name, pardon, named respondent. And so reference to BGE is sufficient. And so if there is any, same thing applies to the MCCR report. If there's any interpretation, any different interpretation, if there's any confusion as to whether a party was named or not named, even if they were referenced, Your Honor, that wouldn't be a subject for summary judgment. It should be a trial question, not summary judgment, to determine whether the reference was even sufficient or whether the name they put was enough. Mr. Mr. Obani, I need to ask you there. We read your briefs and we discovered there were three citations that were two cases that didn't exist. You filed a subsequent brief to correct one of them, which was purportedly a Supreme Court case, which didn't exist. And then you replied, filed a new reply brief. And in that, you again cited two cases which did not exist. Can you tell me where you got that, those cases, where'd you get that research? Your Honor, in those cases, I used different open source to resources to do the research. And so I picked the one, when I corrected, when I filed them. I didn't quite understand that answer. You used an outside firm? No, no. I used different sources. I said, I used different sources. So it wasn't one source, different sources to do the research. I know, but the cases didn't even exist. In other words, you look them up and they're not there. So my question is, was that your research? Did you research that? Yes, Your Honor, I researched the cases, but the one that I noticed, the initial one, which I corrected and took out. You corrected the Supreme Court case, which we pointed out, but then you recited two other cases, which also don't exist. And my question is, where did you get those cases? Your Honor, the cases I put, as I said, it was, I wouldn't, I'm not looking at a particular case right now, but those were cases that were pulled from different sources, different. I used Lexis, Lexis, Westlaw. I used Google to do the review. Some of the cases are so far cited. And were those online services? Did they use artificial intelligence? They don't, Google doesn't really use. No, I said, did they, did they use any one of those sources? Did they use artificial intelligence? None uses specifically artificial intelligence. They use different, they pull cases, pull information from different sources, not from one source. All right, we'll come down and Greek council, let's adjourn for the day. It's an honor of course to adjourn, sign die, God save the United States and it's an honor to report.
judges: Paul V. Niemeyer, Pamela A. Harris, Nicole G. Berner